# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:08-CR-160 |
| | § | |
| JERRY BABINEAUX | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed June 4, 2013, alleging that the Defendant, Jerry Babineaux, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on September 3, 2009, before the Honorable Ron Clark, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of felon in possession of a firearm and ammunition, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. The Defendant was sentenced to 52 months' imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include: drug aftercare and a $100 special assessment.

## II. The Period of Supervision

On January 2, 2013, the Defendant completed his term of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision on June 4, 2013 alleging four violations: 1) the Defendant submitted a urine specimen that tested positive for controlled substances in violation of his mandatory condition that he refrain from the unlawful use of a controlled substance; 2) the Defendant was arrested on February 10, 2013 for public drunkenness and on June 3, 2013 for evading arrest in violation of his mandatory condition that he not commit another federal, state, or local crime; 3) the Defendant was arrested in New Orleans, Lousiana in violation of his standard condition that he not leave the district without permission; and 4) the Defendant's aunt contacted the probation office to report that the Defendant was no living at her home, which is in violation of his standard condition that he notify the probation officer ten days prior to any change of residence or employment.

## IV. Proceedings

On September 11, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first

allegation, which asserted that he violated a mandatory condition of supervised release, to wit: the Defendant shall not unlawfully use a controlled substance.

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of twelve (12) months and one (1) day of imprisonment followed by eighteen (18) months of supervised release upon release, which includes 180 days of community confinement.

### V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by using a controlled substance, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the

defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense if not more than three years. The undersigned recommends that the Defendant serve a term of eighteen (18) months of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

### VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by using a controlled substance. Based upon the Defendant's plea of "true" to this allegation

of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by using a controlled substance. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of twelve (12) months and one (1) day of imprisonment followed by eighteen (18) months of supervised release upon release, which includes 180 days of community confinement.

## VII. Recommendations

1. The Court should find that the Defendant violated a mandatory condition of supervised release by using a controlled substance.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of twelve (12) months and one (1) day of imprisonment followed by eighteen (18) months of supervised release upon release, which includes 180 days of community confinement.

4. The Defendant has requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Florence, Colorado or El Reno, Oklahoma to facilitate family visitation. The Court should recommend one of these facilities if deemed appropriate by the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and

recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the Court may act on the report and recommendation immediately.

SIGNED this 12th day of September, 2013.

_____
Zack Hawthorn
United States Magistrate Judge