# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 1:08CR160 |
| | § | |
| JERRY BABINEAUX | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 22, 2016 to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Felix Marquez. The Government was represented by Andrew Stover.

On September 3, 2009, Defendant was sentenced by the Honorable Ron Clark, United States District Judge, to a sentence of 52 months imprisonment followed by a 3-year term of supervised release. Defendant originally commenced his term of supervised release on January 2, 2013, but that term of supervised release was revoked on October 7, 2013. Defendant was sentenced to 12 months and a day imprisonment, followed by 18 months of supervised release. Defendant's subsequent term of supervised release was revoked on June 6, 2016, and Defendant was sentenced to 30 days imprisonment followed by 22 months supervised release. Following his two revocations, Defendant's new term of supervised release started on June 14, 2016.

On July 18, 2016, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 66). The Petition asserts that Defendant violated

1

the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall not leave the judicial district without permission of the Court or probation officer; (3) Defendant shall notify the probation officer ten days prior to any change of residence or employment; (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (5) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered; and (6) Defendant shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately and shall abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

The Petition alleges that Defendant violated the terms of his supervision as follows:

- On July 12, 2016, Jerry Babineaux reported to the U.S. Probation Office in Plano, Texas, as directed, and submitted a urine specimen which tested positive for marijuana and PCP. He signed an admission.

- On July 11, 2016, Jerry Babineaux's mother, Valarie Carter, called the U.S. Probation Office and stated Mr. Babineaux had moved to her residence at 227 Athel Drive, Mesquite, Texas 75149, on or about July 1, 2016, and has been living with her to the present. Mr. Babineaux did not have prior permission from the U.S. Probation Office to move to Mesquite, Texas.

- On or about July 1, 2016, Jerry Babineaux moved to his mother's residence at 227 Athel Drive, Mesquite, Texas 75149, without prior permission from the probation office.

- On or about July 12, 2016, Jerry Babineaux reported he secured employment at At Home home furnishings store in Plano, Texas, and failed to report his employment to the probation office.

- On July 12, 2016, Jerry Babineaux reported to the U.S. Probation Office in Plano,

- Texas, as directed and submitted a urine specimen which tested positive for marijuana and PCP. He signed an admission.

- On July 12, 2016, Jerry Babineaux reported to the U.S. Probation Office in Plano, Texas, as directed, and submitted a urine specimen which tested positive for marijuana and PCP. He signed an admission. Mr. Babineaux admitted smoking marijuana with a friend.

- On July 14, 2016, Jerry Babineaux released from imprisonment to begin serving his term of supervised release. He was to reside with his grandmother at 3051 24th Street, Port Arthur, Texas, while waiting on a bed to become available at Bannum Place of Beaumont. Mr. Babineaux moved to Mesquite, Texas, without permission from the probation office, and failed to enter and complete a community correction's center placement.

Dkt. 66.

At the hearing, Defendant entered a plea of not true to the allegations against him. In response, the Government called Linda Werner, U.S. Probation officer, who offered testimony regarding the allegations against Defendant.

Defendant also testified at the hearing. Defendant testified that he did not have any place to go after his release from prison, that he notified his probation officer about this, that there was no bed open for him at any halfway house, and that he went to Mesquite, Texas because he had nowhere to go. As to the drug use, Defendant testified that he used drugs because he was "stressed out" given his uncertain living situation.

Having considered the testimony and allegations before it, the Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments and testimony presented at the August 22, 2016 hearing, the Court recommends that Defendant be

committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty (20) months, with no supervised release to follow.

Defendant did not waive his right to allocute before the district judge or his right to object to the report and recommendation of this Court.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 23rd day of August, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE