**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 1:08CR160 |
| | § | |
| JERRY BABINEAUX | § | |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On April 16, 2009, Defendant Jerry Babineaux pled guilty to being a felon in possession of a firearm and ammunition. (DOC. # 22). On September 3, 2009, Defendant was sentenced to 52 months imprisonment followed by a three-year term of supervised release. (DOC. # 31). On January 2, 2013, Defendant began his first term of supervised release. That term was revoked on October 7, 2013, and Defendant was sentenced to 12 months imprisonment followed by an 18 month term of supervised release. (DOC. # 49). After Defendant completed his 12 month sentence, Defendant's second term of supervised release was revoked on June 6, 2016. Defendant was then sentenced again to 30 days imprisonment to be followed by 22 months of supervised release. (DOC. # 65).

On June 14, 2016, Defendant began serving his third term of supervised release. On July 18, 2016, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision ("Petition"). (DOC. # 66). The Petition stated that Defendant had violated six conditions of his supervised release:

1. The defendant shall refrain from any unlawful use of a controlled substance;

2. The defendant shall not leave the judicial district without permission of the Court or probation officer;

3. The defendant shall notify the probation officer ten days prior to any change of

> residence or employment;

4. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

5. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

6. The defendant shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. Defendant shall abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

This court referred the request for revocation of Defendant's supervised release to the United States Magistrate Judge for proper consideration. On August 22, 2016, the United States Magistrate Judge conducted the final revocation hearing. (DOC. # 76). At that hearing, Linda Werner testified that Defendant had moved to Mesquite, Texas, which is outside the Eastern District of Texas, without notifying the court of his probation officer; and that Defendant had tested positive for PCP and marijuana use. DOC. # 82, pp. 7–8, 12. Ms. Werner also testified that because a bed was not open in the half-way house, Defendant was to move in with his grandmother in Port Arthur, Texas, until a bed became open but Defendant failed to do so. DOC. # 82, p. 8

Defendant also took the stand. He testified that he was essentially homeless because a bed was not open in the half-way house and his grandmother's house had been condemned. DOC. # 82, pp. 15–16. Defendant admitted to using marijuana because he was "stressed" from living on the streets, but stated that he had no idea the marijuana was laced with PCP. DOC. # 82, pp. 13, 16.

Based on this testimony, the United States Magistrate Judge found that Defendant had violated the terms of his supervised release and recommended that Defendant's supervised release be revoked. The United States Magistrate Judge also recommended that Defendant be

sentenced to 20 months imprisonment without a term of supervised release following that sentence.

Defendant filed objections to the United States Magistrate Judge's recommendation. Defendant does not bring any specific objections related to the United States Magistrate Judge's findings that Defendant's term of supervised release should be revoked. Instead, Defendant argues that the suggested sentence of 20 months is inappropriate under the *Booker* and Section 3553 factors. Defendant also argues that the sentence should be reduced from 20 months to fourteen months. The additional six months was added to the sentence for the time that Defendant should have spent in the half-way house.

After reviewing the record of this case, the United States Magistrate Judge's report, and Defendant's objections, the court concludes that the United States Magistrate Judge was correct in finding that Defendant violated all six of the terms of his supervised release as alleged in the Petition. However, Defendant wishes to exercise his right to allocution before the District Judge. For this reason, the court will reserve sentencing Defendant until after he has been given a chance to exercise his rights.

It is, therefore, **ORDERED** that the Magistrate Judge's Report (DOC. # 78) is **ADOPTED IN PART** as the opinion of the court. It is further **ORDERED** that Defendant's supervised release is hereby **REVOKED**. However, the court will not impose a sentence until after Defendant has been given a chance to exercise his right to allocution.

So **ORDERED** and **SIGNED** this **22** day of **November, 2016.**

_____
Ron Clark, United States District Judge